UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-00285-CAS | Date | January 27, 2022 |
|---|---|---|---|
| Title | Benjamin Woodhouse v. The United States Government et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                                               Not Present

**Proceedings:**     (IN CHAMBERS) – ORDER TO SHOW CAUSE REGARDING DISMISSAL OF CASE

On January 13, 2022, plaintiff Benjamin Woodhouse, representing himself, filed this action against the defendants the Hon. Stanley Blumenfeld Jr., the Hon. R. Gary Klausner, the Hon. Fernando M. Olguin, the Hon. Manuel L. Real, the Hon. Otis D. Wright II, Daniel Beck, Tracy Wilkison, David Harris, Joanne Osinoff, and the Hon. Philip S. Gutierrez (collectively, "defendants"). Dkt. 1 ("Compl."). Plaintiff brings this complaint against defendants for their actions "as [] governmental official[s]." Id. Plaintiff complains that defendants have "engag[ed] in alleged obstruction, cit[ed] to criminal conduct, in a defective Minutes Order, [] allegedly interfere[ed] with Judge Klaus[ner], who is also a named Defendant, [] obstruct[ed] due process[,] and tr[ied] to abrogate the right to file a Complaint against the U.S. Government." Id. at 3. Plaintiff alleges the following claims for relief: (1) "obstruction and due process violations;" (2) "fraud and collusion;" and (3) "intentional interference with prospective business and economic relations." Id. at 17-33. Plaintiff requests that the Court "dissolve" Gibson Dunn Inc., Meta Verse Inc., Nike Inc., and Alphabet Inc., and "award [] $3 Trillion in compensatory and punitive damages to the Plaintiff, against each of" those corporate entities.[1] Id. at 33.

Plaintiff, appearing as himself or his alter ego, Havensight Capital, LLC, has been declared a vexatious litigant in several cases within the U.S. District Court for the Central District of California. See Havensight Cap. LLC v. Nike, Inc., No. CV 14-7153-R, 2015

---

[1] The corporate entities are not named in plaintiff's complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-00285-CAS | Date | January 27, 2022 |
|---|---|---|---|
| Title | Benjamin Woodhouse v. The United States Government et al | | |

WL 3544111 (C.D. Cal. Apr. 22, 2015); Havensight Cap., LLC v. Facebook, Inc., No. CV 17-6727 FMO (MRWx), 2018 WL 6340757 (C.D. Cal. Sept. 24, 2018), aff'd, 776 F. App'x 420 (9th Cir. 2019); Woodhouse v. United States Gov't, No. 2:21-CV-06372-SB, 2021 WL 6333468 (C.D. Cal. Nov. 24, 2021). Most recently, Judge Blumenfeld's November 21, 2021 vexatious litigant order stated that "if Plaintiff files another lawsuit against [Facebook, Nike, and Gibson Dunn], there will be an automatic stay to allow the Court to evaluate whether the lawsuit falls within the scope of this order." Woodhouse, 2021 WL 6333468, at *6. Here, plaintiff's complaint states that he "will request leave from this Court[] to add [] Defendants[] Gibson Dunn Inc., Meta Verse Inc., Nike Inc., and [] Alphabet Inc." to assert claims against them for "obstruction of justice, intentional interference with business and economic relations, fraud, due process violations, and material collusion between all Defendants, in contravention of Federal Law, and overall National Security interests." Compl. at 4. Accordingly, the Court will refer plaintiff's complaint to Judge Blumenfeld for the limited purpose of determining whether it falls within the constraints of Judge Blumenfeld's November 24, 2021 vexatious litigant order.

In the event there is a determination that the case may move forward, with respect to the defendants that are judges of the U.S. District Court for the Central District of California, "Judges are absolutely immune from suits for money damages for acts performed in their official capacities." Haywood v. Hawkins, No. ED CV 02-17-CAS (SH), 2002 WL 35656295, at *2 (C.D. Cal. Feb. 21, 2002) (citing Mireles v. Waco, 502 U.S. 9, 9 (1991). "Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S.193, 199-200 (1985)). Judicial immunity is not overcome by allegations of bad faith or malice. Mireles, 502 U.S. at 11.

Additionally, while not further identified in plaintiff's complaint, the Court understands that Beck, Wilkison, Harris, and Osinoff are officials employed by the U.S. Department of Justice. The doctrine of qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009). Generally, courts follow a two-step inquiry in determining whether a government official is entitled to qualified immunity. Saucier v. Katz, 533 U.S. 194, 201 (2001). "First, a court must decide whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:22-cv-00285-CAS | Date | January 27, 2022 |
|---|---|---|---|
| Title | Benjamin Woodhouse v. The United States Government et al | | |

Pearson, 555 U.S. at 232. Second, "the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." Id.

In this case, it appears that all defendants may be entitled to either judicial immunity or qualified immunity. Accordingly, if there is a determination that plaintiff's complaint does not fall within the constraints of Judge Blumenfeld's vexatious litigant order, plaintiff is **ORDERED** to **SHOW CAUSE**, on or before **March 1, 2022**, why this case should not be dismissed due to the judicial immunity or qualified immunity of all defendants.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |