UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:22-cv-00285-CAS | Date | May 2, 2022 |
|---|---|---|---|
| Title | Benjamin Woodhouse v. The United States Government et al | | |

Present: The Honorable   **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present                             Not Present

**Proceedings:**   (IN CHAMBERS) - DEFENDANT ALPHABET INC.'S MOTION TO DISMISS (DKT. 64, FILED ON MARCH 22, 2022)

## I. INTRODUCTION

The Court finds that Alphabet Inc.'s motion to dismiss is appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

On January 13, 2022, Benjamin Woodhouse, representing himself, and Havensight Capital L.L.C. (collectively, "plaintiff") filed this action against defendants the United States Government, the Hon. Stanley Blumenfeld Jr., the Hon. R. Gary Klausner, the Hon. Fernando M. Olguin, the Hon. Manuel L. Real, now deceased, the Hon. Otis D. Wright II, Daniel Beck, Tracy Wilkison, David Harris, Joanne Osinoff, and the Hon. Philip S. Gutierrez (collectively, "defendants"). Dkt. 1 ("Compl."). Plaintiff brought his complaint against defendants for their actions "as [] governmental official[s]," complaining that that defendants "engag[ed] in alleged obstruction, cit[ed] to criminal conduct, in a defective Minutes Order, [] allegedly interfere[ed] with Judge Klaus[ner], who is also a named Defendant, [] obstruct[ed] due process[,] and tr[ied] to abrogate the right to file a Complaint against the U.S. Government." Id. at 3. Plaintiff's initial complaint alleged the following claims for relief: (1) "obstruction and due process violations;" (2) "fraud and collusion;" and (3) "intentional interference with prospective business and economic relations." Id. at 17-33. Plaintiff's initial complaint requested that the Court "dissolve" Gibson Dunn Inc., Meta Verse Inc., Nike Inc., and Alphabet Inc., and "award [] $3 Trillion in compensatory and punitive damages to the Plaintiff, against each of" those corporate entities. Id. at 33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:22-cv-00285-CAS | Date | May 2, 2022 |
|---|---|---|---|
| Title | Benjamin Woodhouse v. The United States Government et al | | |

Plaintiff, appearing as himself or his alter ego, Havensight Capital, LLC, has been declared a vexatious litigant in several cases within the U.S. District Court for the Central District of California. See Havensight Cap. LLC v. Nike, Inc., No. CV 14-7153-R, 2015 WL 3544111 (C.D. Cal. Apr. 22, 2015); Havensight Cap., LLC v. Facebook, Inc., No. CV 17-6727 FMO (MRWx), 2018 WL 6340757 (C.D. Cal. Sept. 24, 2018), aff'd, 776 F. App'x 420 (9th Cir. 2019); Woodhouse v. United States Gov't, No. 2:21-CV-06372-SB, 2021 WL 6333468 (C.D. Cal. Nov. 24, 2021). Most recently, Judge Blumenfeld's November 24, 2021, vexatious litigant order stated that "if Plaintiff files another lawsuit against [Facebook, Nike, and Gibson Dunn], there will be an automatic stay to allow the Court to evaluate whether the lawsuit falls within the scope of this order." Woodhouse, 2021 WL 6333468, at *6. On January 27, 2022, plaintiff filed a first amended complaint, which named Gibson Dunn Inc., Meta Platforms Inc., Nike Inc., Alphabet Inc., and the Hon. Christina A. Snyder as defendants. Dkt. 21 ("FAC").

On January 27, 2022, the Court referred plaintiff's complaint to Judge Blumenfeld for the limited purpose of determining whether it falls within the constraints of Judge Blumenfeld's November 24, 2021 vexatious litigant order.

On February 18, 2022, Judge Blumenfeld found "that the claims against Nike, Inc., Meta Verse, Inc., and Gibson Dunn Inc. fall within the scope of the Court's vexatious litigant order." Benjamin Woodhouse v. The United States Government (Woodhouse I), 2:21-cv-06372-SB, Dkt. 81 at 4. Pursuant to his November 24, 2021 vexatious litigant order, Judge Blumenfeld also revoked plaintiff's e-filing privileges in their entirety. Woodhouse I, Dkt. 80.

On February 18, 2022, plaintiff filed a second amended complaint. Dkt. 47.

On March 2, 2022, the Court struck plaintiff's first amended complaint to the extent it brought claims against Nike, Inc., Meta Verse, Inc., and Gibson Dunn Inc., and struck plaintiff's second amended complaint in its entirety for failure to seek leave to amend. Dkt. 52. Moreover, on March 2, 2022, on the basis of judicial immunity or qualified immunity, respectively, the Court dismissed the case as to individual defendants the Hon. Stanley Blumenfeld Jr., the Hon. R. Gary Klausner, the Hon. Fernando M. Olguin, the Hon. Manuel L. Real, the Hon. Otis D. Wright II, Daniel Beck, Tracy Wilkison, David Harris, Joanne Osinoff, the Hon. Philip S. Gutierrez, and the Hon. Christina A. Snyder. Id. Thus, the operative complaint is the FAC, and Alphabet Inc. is the only remaining defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　'O'

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-00285-CAS | Date | May 2, 2022 |
| Title | Benjamin Woodhouse v. The United States Government et al | | |

On March 22, 2022, Alphabet filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. 64 ("Mot."). On March 23, 2022, plaintiff filed his opposition to Alphabet's motion to dismiss. Dkt. 68 ("Opp.").[1] On April 18, 2022, Alphabet filed its reply. Dkt. 70 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

The FAC brings the following claims against Alphabet: (1) obstruction and due process violations; (2) fraud, collusion and civil RICO; and (3) intentional interference with prospective business and economic relations. See FAC at 16-33. However, the FAC contains few specific factual allegations against Alphabet. See generally FAC.

Plaintiff's FAC was brought against "Gibson Dunn Inc., Meta Verse Inc., Nike Inc., and Alphabet Inc., for continued contact of Clients, and Investment Bankers of Plaintiff's company, after feloniously accessing his email, in addition to claims against the U.S. Government, for conscripting the Plaintiff, and taking continued and consistent alleged bribes, in consistently upholding Triple Conflicted Counsel's plead felonies and conflicts, in two cases, in a systematic means, which has caused select Quasi National Security Agency Leaders, and the California Bar to question whether the Federal Court should still be open, and whether it has any independence of any kind." FAC at 10-11. Many of plaintiff's allegations are bizarre and conspiratorial in nature. See, e.g., FAC at 21-22 ("Felonies and criminal conduct, which are plead, and not alleged, can never go unpunished, because those charged with bestowing justice, have written trite phrases, proclaiming not to want to take notice of anything. Such a trend, would lead to total chaos, and require immediate National Security intervention, with a National Security incarceration protocol.").

---

[1] In his opposition to Alphabet's motion to dismiss, plaintiff includes various requests, including a request for default and a request for reinstatement of electronic filing privileges. Because including those requests in an opposition to a motion to dismiss is procedurally improper, the Court **STRIKES** those requests.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           **'O'**

| Case No. | 2:22-cv-00285-CAS | Date | May 2, 2022 |
|---|---|---|---|
| Title | Benjamin Woodhouse v. The United States Government et al | | |

With respect to Alphabet, plaintiff's allegations in this action are centered around Alphabet's alleged "fail[ure] to show up and defend" in a previous action, Woodhouse I. FAC at 11. Plaintiff's FAC asks this Court to "dissolve" Alphabet, and award plaintiff $3 trillion in damages. Id. at 33.

### III.   LEGAL STANDARDS

#### A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2021). If jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

#### B.   Motion to Dismiss for Failure to State a Claim

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-cv-00285-CAS | Date | May 2, 2022 |
|---|---|---|---|
| Title | Benjamin Woodhouse v. The United States Government et al | | |

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Where a court converts a motion to dismiss into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

### IV. DISCUSSION

#### A. Timeliness of Alphabet's Motion

In his opposition, plaintiff contends that because Alphabet was served with the second amended complaint on February 24, 2022, Alphabet's response was due on March 17, 2022. Opp. at 7. According to plaintiff, because Alphabet did not file this motion to dismiss until March 22, 2022, Alphabet's motion "is five days late." Id.

However, on March 2, 2022, the Court struck plaintiff's second amended complaint in its entirety for failure to seek leave to amend. Dkt. 52. Accordingly, the appropriate calculation is based on the date Alphabet was served with the operative first amended complaint and notice of summons. The record shows that plaintiff never served Alphabet with a summons on the operative FAC. See Dkt. 70-2.

While Alphabet's registered agent was served with a summons on the second amended complaint on February 24, 2022, dkt. 70-3, the second amend complaint was stricken because plaintiff did not have leave to file it, rendering service of the second amended complaint on Alphabet a nullity. Even if it could be argued that Alphabet was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            'O'

| Case No. | 2:22-cv-00285-CAS | Date | May 2, 2022 |
|---|---|---|---|
| Title | Benjamin Woodhouse v. The United States Government et al | | |

required to file its motion by March 17, 2022, the Court retains the discretion to enlarge the time in which to file the motion to dismiss because Alphabet submitted evidence suggesting that it did not receive the summons on the second amended complaint from its registered agent until March 21, 2022. See Dkt. 70-1 (Declaration of Nadia Granke) ¶ 5; see also Creager v. Columbia Debt Recovery, LLC, No. 2:21-cv-00431-BJR, 2021 WL 3187596, at *1 n.1 (W.D. Wash. July 28, 2021) ("[T]he Court may consider an untimely motion to dismiss if the defendant is not in default."). Accordingly, the Court finds it appropriate to consider Alphabet's motion to dismiss.

    **B.**    **Rule 12(b)(6)**

        1.    Obstruction and Violations of Due Process

Plaintiff's first claim for relief alleges "obstruction and due process violations" against Alphabet. FAC at 16.

Plaintiff's claim for obstruction of justice fails because there is no private right of action for obstruction of justice. See Fisher v. Hug, No. C-01-0578 VRW, 2001 WL 210478, at *1 (N.D. Cal. Feb. 23, 2001) (finding that there is no private right of action for obstruction of justice).

The Court interprets plaintiff's claim for "due process violations" as an attempt to assert a claim under 42 U.S.C. § 1983. To state a claim under section 1983, plaintiff must allege two elements: "(1) violation of his rights secured by the Constitution or laws of the United States and (2) the alleged deprivation of his rights was committed by a person acting under the color of state law." Fisher, 2001 WL 210478, at *2. Here, plaintiff's due process claim fails because plaintiff does not allege that Alphabet is a government actor, or that Alphabet acted under the color of state law. See Feng v. Cty. of Santa Clara, No. 19-cv-06877-LB, 2019 WL 7194475, at *6 (N.D. Cal. Dec. 26, 2019) ("Purely private conduct, no matter how wrongful, is not covered under § 1983.") (internal citations and quotation marks omitted). Accordingly, plaintiff fails to state a claim for "due process violations."

        2.    Fraud, Collusion, and Civil RICO

Plaintiff's second claim alleges fraud, collusion, and civil RICO violations against Alphabet. FAC at 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| Case No. | 2:22-cv-00285-CAS | Date | May 2, 2022 |
|---|---|---|---|
| Title | Benjamin Woodhouse v. The United States Government et al | | |

"Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b)." Glen Holly Ent., Inc. v. Tektronix, Inc., 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999); see Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Accordingly, "when averments of fraud are made, the circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations and quotation marks omitted). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. "To plead a fraud claim, a party must allege (1) a knowingly false representation or fraudulent omission by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." UMG Recordings, Inc. v. Glob. Eagle Ent., Inc., 117 F. Supp. 3d 1092, 1109 (C.D. Cal. 2015). Here, plaintiff's fraud claim fails because plaintiff does not allege any of the elements of a fraud claim against Alphabet.

Plaintiff's collusion claim fails because collusion is not an independent cause of action under California law. See Lewis v. Wells Fargo Bank, N.A., No. LA CV 12-04540 JAK (SPx), 2012 WL 12897041, at *2 (C.D. Cal. Sept. 12, 2012) (dismissing plaintiff's claim for collusion with prejudice).

Finally, plaintiff's civil RICO claims fails because plaintiff fails to allege the required elements of such claim, i.e., that "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) caus[ed] injury to plaintiffs' 'business or property.'" Ove v. Gwinn, 264 F.3d 817, 825 (9th Cir. 2001) (quoting 18 U.S.C. § 1964(c)). Although plaintiff's complaint alleges that "the Triple Conflicted Clients . . . engaged in a pattern of alleged racketeering," and that "there has been racketeering, between the U.S. Attorney, Court and Conflicted Counsels," FAC at 24, 26, the FAC never alleges that Alphabet engaged in racketeering. Additionally, plaintiff does not allege that it suffered any injury proximately caused by Alphabet's racketeering activity. See Rezner v. Bayerische Hypo-Und Vereinsbank AG, 630 F.3d 866, 873 (9th Cir. 2010) ("To have standing under civil RICO, [a plaintiff] is required to show that the racketeering activity was both a but-for cause and a proximate cause of his injury.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-00285-CAS | Date | May 2, 2022 |
| Title | Benjamin Woodhouse v. The United States Government et al | | |

3. <u>Intentional Interference with Prospective Business and Economic Relations</u>

Plaintiff's third and final claim for relief alleges intentional interference with prospective business and economic relations against Alphabet. FAC at 29.

"[T]he elements of a cause of action for intentional interference with prospective economic relations ("IIPER") under California law are: '(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional [wrongful] acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.'" <u>Pro Water Sol., Inc. v. Angie's List, Inc.</u>, 457 F. Supp. 3d 845, 852 (C.D. Cal. 2020) (quoting <u>Sybersound Records, Inc. v. UAV Corp.</u>, 517 F.3d 1137, 1151 (9th Cir. 2008)). Plaintiff's IIPER claim fails because, as Alphabet correctly notes, plaintiff "fails to identify any economic relationship between Plaintiffs and any third party with the prospect of economic benefit to Plaintiffs that was known to Alphabet sufficient to satisfy the first and second claim elements." Mot. at 25.

C.     **Rule 12(b)(1)**

Defendants argue that the FAC should be dismissed for lack of subject matter jurisdiction because there is no federal question jurisdiction given that plaintiff's claims are "'obviously frivolous,'" and because there is no diversity jurisdiction given that plaintiff and Alphabet are citizens of California. Mot. at 16-17.

In opposition, plaintiff argues that there is federal jurisdiction because a federal civil RICO claim has been alleged, and because "Havensight and [] Woodhouse are citizens of the [U.S. Virgin Islands] while Alphabet Inc. is a citizen of California." Opp. at 9.

Plaintiff has not met its burden of establishing that diversity jurisdiction exists. Alphabet is a citizen of California, and although plaintiff contends that Woodhouse and Havensight Capital are citizens of the U.S. Virgin Islands, he has failed to submit evidence to that effect. In <u>Havensight Capital, LLC v. Facebook Inc.</u>, No. CV 15-3758 FMO (MRWx), 2015 WL 3948380 (C.D. Cal. June 29, 2015), the court concluded that "Woodhouse's ties to California are far more significant" than his ties to the U.S. Virgin Islands, and that, therefore, "Woodhouse has not met his burden of establishing diversity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:22-cv-00285-CAS | Date | May 2, 2022 |
|---|---|---|---|
| Title | Benjamin Woodhouse v. The United States Government et al | | |

jurisdiction." Id. at *7. Here, neither the FAC nor plaintiff's opposition to Alphabet's motion to dismiss provide any evidentiary basis for concluding that Woodhouse and Havensight Capital are citizens of the U.S. Virgin Islands.

However, while "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit," Hagans v. Lavine, 415 U.S. 528, 536 (1974), if plaintiff could adequately plead a civil RICO claim, that claim would provide federal question jurisdiction. Concluding that plaintiff's civil RICO claim is absolutely devoid of merit, without granting plaintiff an opportunity to amend the FAC, is premature.

Accordingly, a finding that the Court lacks subject matter jurisdiction over this case is inappropriate at this time.

### D. Leave to Amend

Alphabet argues that the FAC "should be dismissed with prejudice because the defects in Plaintiffs' claims cannot be remedied with further pleading." Mot. at 27.

"A court should 'freely give leave [to amend] when justice so requires.'" Carrico v. City & Cty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (quoting Fed. R. Civ. P. 15(a)(2)). While leave to amend is "properly denied" where "amendment would be futile," Carrico, 656 F.3d at 1008, granting plaintiff an opportunity to amend the FAC is appropriate here given that plaintiff is appearing pro se.

### V. CONCLUSION

In accordance with the foregoing, the Court **DISMISSES** plaintiff's first amended complaint. Plaintiff must submit an amended complaint on or before **May 31, 2022**.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |