UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**     **JS-6**

| Case No. | 2:22-cv-00285-CAS | Date | June 22, 2022 |
|---|---|---|---|
| Title | Benjamin Woodhouse v. The United States Government et al | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - ALPHABET INC.'S MOTION TO DISMISS
(DKT. 86, FILED ON MAY 25, 2022)

## I.     INTRODUCTION

The Court finds that Alphabet's motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

On January 13, 2022, Benjamin Woodhouse, representing himself, and Havensight Capital L.L.C. (collectively, "plaintiff") filed this action against defendants the United States Government, the Hon. Stanley Blumenfeld Jr., the Hon. R. Gary Klausner, the Hon. Fernando M. Olguin, the Hon. Manuel L. Real, now deceased, the Hon. Otis D. Wright II, Daniel Beck, Tracy Wilkison, David Harris, Joanne Osinoff, and the Hon. Philip S. Gutierrez (collectively, "defendants"). Dkt. 1 ("Compl."). Plaintiff brought his complaint against defendants for their actions "as [] governmental official[s]," complaining that that defendants "engag[ed] in alleged obstruction, cit[ed] to criminal conduct, in a defective Minutes Order, [] allegedly interfere[ed] with Judge Klaus[ner], who is also a named Defendant, [] obstruct[ed] due process[,] and tr[ied] to abrogate the right to file a Complaint against the U.S. Government." Id. at 3. Plaintiff's initial complaint alleged the following claims for relief: (1) "obstruction and due process violations;" (2) "fraud and collusion;" and (3) "intentional interference with prospective business and economic relations." Id. at 17-33. Plaintiff's initial complaint requested that the Court "dissolve" Gibson Dunn Inc., Meta Verse Inc., Nike Inc., and Alphabet Inc., and "award [] $3 Trillion in compensatory and punitive damages to the Plaintiff, against each of" those corporate entities. Id. at 33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**     **JS-6**

| Case No. | 2:22-cv-00285-CAS | Date | June 22, 2022 |
|---|---|---|---|
| Title | Benjamin Woodhouse v. The United States Government et al | | |

Plaintiff, appearing for himself or in his alter ego, Havensight Capital, LLC, has been declared a vexatious litigant in several cases within the U.S. District Court for the Central District of California.  See Havensight Cap. LLC v. Nike, Inc., No. CV 14-7153-R, 2015 WL 3544111 (C.D. Cal. Apr. 22, 2015); Havensight Cap., LLC v. Facebook, Inc., No. CV 17-6727 FMO (MRWx), 2018 WL 6340757 (C.D. Cal. Sept. 24, 2018), aff'd, 776 F. App'x 420 (9th Cir. 2019); Woodhouse v. United States Gov't, No. 2:21-CV-06372-SB, 2021 WL 6333468 (C.D. Cal. Nov. 24, 2021).  Most recently, Judge Blumenfeld's November 24, 2021, vexatious litigant order stated that "if Plaintiff files another lawsuit against [Facebook, Nike, and Gibson Dunn], there will be an automatic stay to allow the Court to evaluate whether the lawsuit falls within the scope of this order."  Woodhouse, 2021 WL 6333468, at *6.  On January 27, 2022, plaintiff filed a first amended complaint, which named Gibson Dunn Inc., Meta Platforms Inc., Nike Inc., Alphabet Inc., and the Hon. Christina A. Snyder as defendants.  Dkt. 21.

On January 27, 2022, the Court referred plaintiff's complaint to Judge Blumenfeld for the limited purpose of determining whether it falls within the constraints of Judge Blumenfeld's November 24, 2021 vexatious litigant order.

On February 18, 2022, Judge Blumenfeld found "that the claims against Nike, Inc., Meta Verse, Inc., and Gibson Dunn Inc. fall within the scope of the Court's vexatious litigant order."  Benjamin Woodhouse v. The United States Government (Woodhouse I), 2:21-cv-06372-SB, Dkt. 81 at 4.  Pursuant to his November 24, 2021 vexatious litigant order, Judge Blumenfeld also revoked plaintiff's e-filing privileges in their entirety.  Woodhouse I, Dkt. 80.

On February 18, 2022, plaintiff filed a purported second amended complaint.  Dkt. 47.

On March 2, 2022, the Court struck plaintiff's first amended complaint to the extent it brought claims against Nike, Inc., Meta Verse, Inc., and Gibson Dunn Inc., and struck plaintiff's second amended complaint in its entirety for failure to seek leave to amend.  Dkt. 52.  Moreover, on March 2, 2022, on the basis of judicial immunity or qualified immunity, respectively, the Court dismissed the case as to individual defendants the Hon. Stanley Blumenfeld Jr., the Hon. R. Gary Klausner, the Hon. Fernando M. Olguin, the Hon. Manuel L. Real, the Hon. Otis D. Wright II, Daniel Beck, Tracy Wilkison, David Harris, Joanne Osinoff, the Hon. Philip S. Gutierrez, and the Hon.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**       **JS-6**

| Case No. | 2:22-cv-00285-CAS | Date | June 22, 2022 |
|----------|-------------------|------|---------------|
| Title | Benjamin Woodhouse v. The United States Government et al | | |

Christina A. Snyder.  Id.  Thus, as of March 2, 2022, the operative complaint was the first amended complaint, and Alphabet Inc. was the only remaining defendant.

On March 22, 2022, Alphabet filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  On May 2, 2022, the Court granted Alphabet's motion to dismiss without prejudice.  Dkt. 75.  On May 6, 2022, plaintiff filed a second amended complaint.  Dkt. 80 ("SAC").[1]

On May 6, 2022, plaintiff filed an omnibus motion, requesting that the Court (1) enter default judgment against Alphabet; (2) reinstate the initial defendants and the U.S attorneys as defendants in this case; (3) disqualify itself from this case; and (4) reinstate plaintiff's electronic filing privileges.  Dkt. 81.  On June 8, 2022, the Court denied plaintiff's omnibus motion for default, reinstatement of defendants, disqualification, and reinstatement of electronic filing privileges.  Dkt. 92.

On May 25, 2022, Alphabet moved to dismiss plaintiff's second amended complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Dkt. 86 ("Mot.").  On May 31, 2022, plaintiff submitted his opposition.  Dkt. 88 ("Opp.").  Alphabet replied on June 13, 2022.  Dkt. 93 ("Reply.").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

The SAC brings the following claims against Alphabet: (1) obstruction, due process violations, and fraud; (2) civil RICO; and (3) intentional interference with prospective business and economic relations.  See FAC at 18-35.

Plaintiff's allegations assert a conspiracy.  For example, "Mr. Woodhouse asserts that he has heard gunshots from a Hershel automatic assault ball machine like weapon on a daily basis, sounds of Gibson Dunn Leaders ordering individuals to be executed, and rumors of over one hundred lives being taken, over a 12 month period, in [a] hotel.  It [is]

---

[1] The Court **STRIKES** the SAC to the extent it improperly seeks to reinstate previously dismissed defendants Nike, Inc., Meta Verse, Inc., and Gibson Dunn Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    **'O'**    **JS-6**

| Case No. | 2:22-cv-00285-CAS | Date | June 22, 2022 |
|----------|-------------------|------|---------------|
| Title | Benjamin Woodhouse v. The United States Government et al | | |

also believed that Judicial Officers, Triple Conflicted Counsel, and Alphabet Inc.'s Counsel have all taken residence in the hotel, over the past 12 months, and their presence during the attacks[] might be the reason why law enforcement has still failed to disclose the hotel." SAC at 7.

Plaintiff alleges that Alphabet "entered the California Sec. of State system to feloniously change its business registration, with no appropriate filing," and that Alphabet "routinely entered its email and computer systems on a daily basis." SAC at 14. Plaintiff also alleges that Alphabet "feloniously ran down each and every potential Customer, and actual Customer of Havensight's" such that "it is doubtful that one Customer has been left alone." Id. Plaintiff alleges that such actions "allows Quasi Agencies to classify . . . Alphabet Inc.[] as [an] enemy combatant." Id. Plaintiff also alleges that Alphabet deleted an email from his computer on the basis that plaintiff provided Alphabet's counsel with an email that attached a proof of service affidavit, and "five minutes later, the email with the Proof Attachment was deleted from Woodhouse's Gmail Account completely, and without any action from Woodhouse." Id. at 16, 25.

In addition, the SAC adds references to Alphabet to many of the conclusory and conspiratorial allegations against Nike, Inc., Meta Verse, Inc., and Gibson Dunn Inc. that were present in plaintiff's first amended complaint. For example, plaintiff now alleges that "Alphabet Inc. and the Triple Conflicted Parties, here, have been allegedly depriving Woodhouse of sleep, yelling slurs, and continuously allegedly ordering the execution of defenseless individuals at a hotel, across the street from Woodhouse's Parents' residence. The Who is named, the location is Pismo Beach, California, the temporal proximity is the last 24 months, and it is alleged that this conduct is genocide, as it likely has allegedly involved over triple digit murders." Id. at 30. Plaintiff had never previously alleged that Alphabet was part of a genocide spanning twenty-four months.

Plaintiff's SAC asks this Court to enter default against Alphabet, to sanction Alphabet, and to award $2.9 billion in compensatory and punitive damages against Alphabet as to each of Woodhouse and Havensight Capital L.L.C., for a total of $5.8 billion dollars in damages. Id. at 35.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   **'O'**   **JS-6**

| Case No. | 2:22-cv-00285-CAS | Date | June 22, 2022 |
|----------|-------------------|------|---------------|
| Title | Benjamin Woodhouse v. The United States Government et al | | |

## III.   LEGAL STANDARDS

### A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2021). If jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

### B.   Motion to Dismiss for Failure to State a Claim

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**      **JS-6**

| Case No. | 2:22-cv-00285-CAS | Date | June 22, 2022 |
| Title | Benjamin Woodhouse v. The United States Government et al | | |

<u>Twombly</u>, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level."  <u>Id.</u>

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  <u>In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.</u>, 102 F.3d 1524, 1537 (9th Cir. 1996), <u>rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach</u>, 523 U.S. 26 (1998).  A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  <u>See Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).  Where a court converts a motion to dismiss into a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

## IV.   DISCUSSION

### A.   Obstruction, Due Process Violations, and Fraud

Plaintiff's first claim for relief alleges "obstruction, due process violations, and fraud" against Alphabet.  SAC at 18.

Plaintiff's claim for obstruction of justice fails because "obstruction of justice is a criminal charge that does not provide a private cause of action."  <u>DeHaven v. Schwarzenegger</u>, 123 F. App'x 287, 289 (9th Cir. 2005); <u>see also Fisher v. Hug</u>, No. C-01-0578 VRW, 2001 WL 210478, at *1 (N.D. Cal. Feb. 23, 2001) (finding that there is no private right of action for obstruction of justice).

The Court construes plaintiff's claim for "due process violations" as an attempt to assert a claim under 42 U.S.C. § 1983.  To state a claim under section 1983, plaintiff must allege two elements: "(1) violation of his rights secured by the Constitution or laws of the United States and (2) the alleged deprivation of his rights was committed by a person acting under the color of state law."  <u>Fisher</u>, 2001 WL 210478, at *2.  Here, plaintiff's due process claim fails because plaintiff does not allege that Alphabet is a government actor, or that Alphabet acted under the color of state law.  <u>See Feng v. Cty. of Santa Clara</u>, No. 19-cv-06877-LB, 2019 WL 7194475, at *6 (N.D. Cal. Dec. 26, 2019) ("Purely private conduct, no matter how wrongful, is not covered under § 1983.") (internal citations and quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**      **JS-6**

| Case No. | 2:22-cv-00285-CAS | Date | June 22, 2022 |
|---|---|---|---|
| Title | Benjamin Woodhouse v. The United States Government et al | | |

Finally, "[c]laims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b)." Glen Holly Ent., Inc. v. Tektronix, Inc., 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999); see Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Accordingly, "when averments of fraud are made, the circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations and quotation marks omitted). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. "To plead a fraud claim, a party must allege (1) a knowingly false representation or fraudulent omission by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." UMG Recordings, Inc. v. Glob. Eagle Ent., Inc., 117 F. Supp. 3d 1092, 1109 (C.D. Cal. 2015).

Here, plaintiff's fraud claim fails because plaintiff does not allege any of the elements of a fraud claim against Alphabet with the requisite particularity. Additionally, plaintiff's fraud allegations against Alphabet are not differentiated from plaintiff's fraud allegations against the other purported defendants, even though "Rule 9(b) require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir. 2007) (internal citations and quotations omitted).

Accordingly, the Court dismisses plaintiff's obstruction, due process, and fraud claims against Alphabet.

**B.      Civil RICO**

Plaintiff's second claim for relief is a civil RICO claim against Alphabet. SAC at 22.

Plaintiff's civil RICO claims fails because plaintiff fails to allege the required elements of such claim, i.e., that "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) caus[ed] injury to plaintiffs' 'business or property.'" Ove v. Gwinn, 264 F.3d 817, 825 (9th Cir. 2001) (quoting 18 U.S.C. § 1964(c)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**      **JS-6**

| Case No. | 2:22-cv-00285-CAS | Date | June 22, 2022 |
|---|---|---|---|
| Title | Benjamin Woodhouse v. The United States Government et al | | |

Although plaintiff's SAC alleges "that there has been a pattern, the pattern being, agents of Triple Conflicted Counsel, and Alphabet Inc. going into Havensight's Gmail account on a daily basis, over the last twelve months, and then contacting and improperly ending potential sales, and destroying existing Customers for Havensight and Woodhouse," SAC at 27, the SAC never alleges with any specificity any actions taken by Alphabet that "destroyed existing customers" for plaintiff.  Plaintiff identifies only two of the potential customers by name—State Bank of India and Lefty Cheesesteaks—but fails to allege any RICO predicates with respect to those customers and Alphabet.  In sum, plaintiff's conclusory allegation that Alphabet "caused economic harm," SAC at 29, is insufficient because plaintiff fails to allege that it suffered any concrete injury proximately caused by Alphabet's racketeering activity.  See Diaz v. Gates, 420 F.3d 897, 898 (9th Cir. 2005) ("RICO does not provide a cause of action for all types of injury to property interests, but only for injuries resulting in concrete financial loss.") (Internal citation and quotations omitted); see also Rezner v. Bayerische Hypo-Und Vereinsbank AG, 630 F.3d 866, 873 (9th Cir. 2010) ("To have standing under civil RICO, [a plaintiff] is required to show that the racketeering activity was both a but-for cause and a proximate cause of his injury.").  Accordingly, the Court is unable to "draw [any] reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Additionally, plaintiff fails to explain how its conclusory and conspiratorial allegations against Alphabet qualify as racketeering activity.  See Block v. Snohomish Cnty., 733 F. App'x 884, 888 (9th Cir. 2018) (courts are "not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences") (internal citations and quotations omitted); see also Slade v. Gates, No. 01-8244-RMT, 2002 WL 31357043, at *6 (C.D. Cal. Oct. 2, 2002) ("conclusory allegations that extortion, attempted murder and drug dealing were committed by Defendants, without more, is insufficient to state a predicate act under RICO").

Finally, plaintiff fails to plead a RICO enterprise that is distinct from Alphabet as the RICO defendant.  See Rae v. Union Bank, 725 F.2d 478, 481 (9th Cir. 1984) ("If Union Bank is the enterprise, it cannot also be the RICO defendant.").

Accordingly, the Court dismisses plaintiff's civil RICO claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**       **JS-6**

| Case No. | 2:22-cv-00285-CAS | Date | June 22, 2022 |
|---|---|---|---|
| Title | Benjamin Woodhouse v. The United States Government et al | | |

### C.  Intentional Interference with Prospective Business and Economic Relations

Plaintiff's third and final claim for relief alleges intentional interference with prospective business and economic relations against Alphabet.  SAC at 32.

"[T]he elements of a cause of action for intentional interference with prospective economic relations under California law are: '(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional [wrongful] acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.'"  Pro Water Sol., Inc. v. Angie's List, Inc., 457 F. Supp. 3d 845, 852 (C.D. Cal. 2020) (quoting Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1151 (9th Cir. 2008)).

Plaintiff's intentional interference with prospective economic relations claim fails because, as Alphabet correctly notes, plaintiff "fails to identify any economic relationship between Plaintiffs and any third party with the prospect of economic benefit to Plaintiffs that was known to Alphabet sufficient to satisfy the first and second claim elements."  Mot. at 29-30.

Accordingly, the Court dismisses plaintiff's intentional interference with prospective economic relations claim.

### D.  Rule 12(b)(1)

Defendants argue that the SAC should be dismissed for lack of subject matter jurisdiction because there is no federal question jurisdiction given that plaintiff's civil RICO claim should be "dismissed as a matter of law without leave to replead," and because there is no diversity jurisdiction given that plaintiff and Alphabet are citizens of California.  Mot. at 32-34.

While the Court finds that dismissal of plaintiff's civil RICO claim is appropriate, and that plaintiff has not met its burden of establishing that diversity jurisdiction exists, the Court may have been able to assert supplemental jurisdiction over plaintiff's state law claims, if they had survived Alphabet's motion to dismiss.  In any event, the Court declines to reach this basis for dismissal given that it has already found that plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    **'O'**    **JS-6**

| Case No. | 2:22-cv-00285-CAS | | Date | June 22, 2022 |
|----------|-------------------|---|------|---------------|
| Title | Benjamin Woodhouse v. The United States Government et al | | | |

SAC should be dismissed in its entirety for failure to state claim upon which relief may be granted.

### E. Leave to Amend

Alphabet argues that the SAC should be dismissed with prejudice because "Plaintiffs' claims cannot be remedied with further pleading" and "Plaintiffs have abused the federal judiciary system and filed deficient complaints against Alphabet across three dockets." Mot. at 32.

Leave to amend is properly denied where "amendment would be futile." Carrico v. City & Cty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011). Here, dismissal with prejudice is appropriate because "[p]laintiff's [c]omplaint lacks any well-pleaded factual allegations giving rise to an entitlement to relief, and no reasonable inference can be made that defendant is liable for the misconduct alleged." Havensight Cap. LLC v. Nike, Inc., No. CV 14-7153-R, 2014 WL 12613382, at *3 (C.D. Cal. Nov. 19, 2014). The fact that plaintiff has been declared a vexatious litigant several times in this district also counsels in favor of dismissal with prejudice.

In sum, given that plaintiff has been unable to plead a valid claim for relief in this case or in the three previous cases plaintiff brought in this district, it appears that plaintiff is unable to plead a valid claim. Accordingly, the Court finds that amendment is futile and that dismissal with prejudice is appropriate. See Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal.") (Internal citation omitted).

## V. CONCLUSION

In accordance with the foregoing, the Court **DISMISSES** plaintiff's second amended complaint **WITH PREJUDICE**.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |